UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ X

THE NEW YORK TIMES COMPANY
and CHARLIE SAVAGE,                                         :

                              Plaintiffs,              :

                                                      :          **COMPLAINT**
              v.                                       :

FEDERAL BUREAU OF INVESTIGATION,     :

                              Defendant.               :
_____ X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by and through their undersigned attorneys, allege as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiffs (jointly, "The Times").

## PARTIES

2.      Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3.      Plaintiff Charlie Savage is a reporter for *The New York Times* newspaper.

4.      Defendant FBI is the agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8.      Defendant FBI has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

9.      The FBI's use-of-force policy states that agents may use deadly force only when necessary, *i.e.*, in situations where the agent has a reasonable belief that the subject of such force poses an imminent danger of death or serious physical injury to the agent or another person.

10.     Whenever FBI agents discharge their firearms outside of a shooting range, with narrow exceptions, an FBI Shooting Incident Review Team ("SIRT") investigates and produces a report. The report includes a narrative reconstruction of what happened, an assessment of whether the actions taken complied with FBI policy, and any recommendations.

11.     An FBI Shooting Incident Review Group ("SIRG") then considers the SIRT materials, issues a judgment about whether the shooting complied with FBI policy, decides whether to impose any disciplinary measures or change procedures or training, and produces its own report about the incident.

12.     In recent years, Mr. Savage has submitted a series of FOIA requests seeking the narrative summary and recommendations/conclusions portions of reports from SIRTs and SIRGs. After filing a lawsuit to obtain the first set of such records (produced between 1993 and

2011), Mr. Savage has periodically filed new requests for reports created since the production and has received responsive documents without litigation.

13.     On April 5, 2021, Mr. Savage submitted a FOIA request (the "Request") for all SIRT and SIRG reports completed since his previous request in 2016 (the "2016 Request"). The 2016 Request was assigned the tracking number FOIPA Request No. 1363761-000.

14.     First, the Request sought "a copy of the narrative summary and any findings or recommendations attached to each shooting incident review team (SIRT) report completed by the inspections division after the similar documents disclosed pursuant to [the 2016 Request]."

15.     Second, the Request sought "a copy of the narrative summary, discussion, and decisions report for each shooting incident review group (SIRG) report produced after the similar documents disclosed pursuant to the [2016 Request]."

16.     Third, the Request sought that for any SIRT and/or SIRG reports completed since the 2016 Request, where a shooting incident "resulted in any person being struck OR for which at least one member of the SIRG voted to find that the shooting did not comply with the bureau's use-of-force policy," copies of the following be provided:

    i.   Any investigative report summarizing findings by local or state law enforcement authorities working with and/or submitted to the Inspections Division;

    ii.   The Civil Rights Division report containing a synopsis of the facts, a decision about whether the applicable federal civil rights laws were violated or whether more investigation was necessary, and the reason for the decision made; and

    iii.   Any Office of Professional Review determinations and findings for any agent referred for discipline due to a shooting incident, and any appeals thereof.

17.     Fourth and finally, the Request sought "copies of Office of Professional Review determinations and findings, and appeals thereof, disciplining any agent for a shooting incident, produced after 2016, even if the shooting incident was prior to this time period."

18.     As of the date of this filing, The Times has not received a determination from the FBI as to its Request or any other communication from the FBI regarding the requested records.

## CAUSE OF ACTION

19.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20.     Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

21.     Defendant has failed to meet the statutory deadlines of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

22.     Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

23.     No exemptions permit the withholding of the documents sought by the Request.

24.     Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

25.     Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

26.     Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

27.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

28.     Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 20, 2021

    /s/ David E. McCraw
    David E. McCraw
    Legal Department
    The New York Times Company
    620 8th Avenue
    New York, NY 10018
    Phone: (212) 556-4031
    Fax: (212) 556-4634
    E-mail: mccraw@nytimes.com

    *Counsel for Plaintiffs*